**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY**

| | | |
|---|---|---|
| STUDENT LOAN SOLUTIONS LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. CPU6-20-000518 |
| | ) | |
| ANDREA ANDRADE AND | ) | |
| CARLOS ANDRADE | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: February 8, 2024
Decided: March 14, 2024

Jennifer Dering, Esq.
Tenaglia & Hunt PA
1521 Concord Pike, Ste 301
Wilmington, DE 19803
*Attorney for Plaintiff*

Carlos & Andrea Andrade
10191 Old Crow Road
Delmar, DE 19940
*Pro se Defendants*

## DECISION AFTER TRIAL

Trial in this matter was held on January 8, 2024. Both in their Answer and through evidence at trial, Defendants asserted the action was barred by the statute of limitations. At the trial's conclusion, the Court requested Plaintiff's counsel to brief the issue, and the impact, if any, upon the limitations period caused by Defendants' bankruptcy filing and discharge between the loan default and the filing of this action. No brief has been filed.

## FACTUAL BACKGROUND

This is a consumer debt case in which Plaintiff claims Defendants defaulted on their loan payment in the amount of $24,801.47. On September 21, 2007, Bank of America loaned Defendant Andrea Andrade funds to pay for college tuition; her husband Carlos co-signed the loan. At trial, Plaintiff presented evidence that it purchased the right to collect on the loan from Bank of America via a bill of sale.

1

In their Answer, Defendants raise both the defense that the debt collection is outside of the statute of limitations and the assertion that the loan "went under bankruptcy in 2009 and we [Defendants] never received a bill from the Student Loan Solutions, LLC."

Defendants made their last payment on this loan on December 15, 2009. Plaintiff filed its Complaint in this action on June 2, 2020.

## DISCUSSION

Plaintiff has not established by a preponderance of the evidence that the subject loan is a Federal Student Loan, which has no statute of limitations under federal law. Thus, the applicable limitations period is either at best, the Delaware six-year limitation of action;[1] or arguably the California four-year limitations period,[2] if the Court found that the loan agreement's "choice of law" provision applied to this action brought in a Delaware Court. Inasmuch as the Plaintiff failed to brief the limitations issue as requested by the Court, it will apply the Delaware limitations period, which is more generous to Plaintiff in any event. Defendants' last loan payment was on December 15, 2009; under the terms of the loan they were in default on January 15, 2010. Absent any legal pause upon the limitations period, suit had to be filed by January 15, 2016. Plaintiff filed the Complaint on June 2, 2020.

Plaintiff claimed at trial that defendants' bankruptcy prevented them from filing the Complaint in a timely manner. Defendants filed for bankruptcy on June 3, 2012, and were discharged from bankruptcy on March 3, 2015. While it is true that the bankruptcy automatic stay prevented Plaintiff from filing its Complaint during that window of time,

---

[1] 10 Del. C. § 8109
[2] Cal. Civ. Pro. § 377

2

the automatic stay ended more than five years before this action was filed. Under Section 108(c) of the United States Bankruptcy Code:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law...fixes a period for commencing or continuing a civil action in a court other than bankruptcy court on a claim against the debtor...and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of--
> (1) The end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.[3]

Here, the applicable non-bankruptcy law fixes a period of six years to commence a civil action against Defendants and the period did not conclude prior to the filing of the petition for bankruptcy. The bankruptcy ended on March 3, 2015; the limitations period ran on January 15, 2016. Thus, for purposes of §108(c), the "later date" was January 16, 2016. Plaintiffs did not file their motion until June 2, 2020, far outside of the statute.

## CONCLUSION

This action is barred by the statute of limitations. Further, Plaintiff failed to brief the limitations issue as requested by the Court, and thus failed to complete the prosecution of this action. For both reasons, judgment is entered in favor of Defendants, and against Plaintiff. Plaintiff shall bear all costs of suit.

**IT IS SO ORDERED** this ___14th___ day of March, 2024.

_____
Kenneth S. Clark, Jr.
Judge

---

[3] 11 U.S.C.A. § 108(c)

3